UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN R. SKALA and MARYANN SKALA )<br>    Plaintiffs )<br>  )<br>v. )<br>  )<br>ENFIELD NISSAN, INC. D/B/A LIA NISSAN )<br>    Defendant )<br>_____ ) | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br><br>MAY 18, 2017 |

COMPLAINT

I.  INTRODUCTION

1. This is an action brought by a consumer against Enfield Nissan, Inc. d/b/a Lia Nissan ("Lia Nissan") for violation of the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667 *et seq.*  Plaintiffs also assert pendent state law claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

II.  PARTIES

2. Plaintiff, John R. Skala ("John"), is a consumer residing in Windsor Locks, Connecticut.

3. Plaintiff, Maryann Skala ("Maryann"), is a consumer residing in Windsor Locks, Connecticut, and she is the wife of John Skala.

4. Lia Nissan is a Connecticut corporation that operates a motor vehicle dealership in Enfield, Connecticut.

III.  JURISDICTION

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1667d(c) and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over Lia Nissan because it is located in Connecticut and organized under the laws of the state of Connecticut.

7. Venue in this Court is proper because the Plaintiffs reside in Connecticut and the transaction alleged herein occurred in this state.

## IV.  FACTUAL ALLEGATIONS

8. Prior to September 1, 2016, Plaintiffs, who are an elderly married couple, were interested in trading in their 2003 Buick LeSabre for a newer model vehicle, and they wanted to inquire about potentially leasing a vehicle.

9. On or around September 1, 2016, Plaintiffs went to Lia Nissan to look at vehicles and inquire about leasing a vehicle.

10. Lia Nissan's salesman, Michael Cyr ("Cyr"), showed Plaintiffs a 2016 Nissan Altima (the "Vehicle") with 429 miles on it.

11. The Vehicle had a Monroney sticker on it that showed a price of $24,285. There were no other supplemental stickers showing any other price.

12. Cyr told Plaintiffs that Lia Nissan had installed leather heated seats in the Vehicle and there would not be an additional charge for the seats.

13. Based upon the displaying of the Vehicle with the Monroney sticker price and Cyr's statement that there was no additional charge for Vehicle, Plaintiffs reasonably believed that Lia Nissan was offering to sell the Vehicle for a price of $24,285 and that this is the price that would be incorporated into a lease for the Vehicle.

14. Cyr told Plaintiffs that their monthly lease payment would be approximately $150.

15. Lia Nissan told Plaintiffs that the reason the Vehicle had 429 miles on it was because Lia Nissan had to transport the Vehicle to have the heated leather seats installed.

16. In reality, the Vehicle had been used as a demonstrator or had previously been delivered to a prospective purchaser.

17. Lia Nissan prepared a Lease Agreement that utilized an "agreed upon value" of $29,643.00, an amount that was $4,599 more than the Monroney sticker price.

18. The monthly payment under the lease was $279.65, an amount that was 85% higher than the $150 payment that had been estimated by Cyr.

19. Plaintiffs had been kept at the dealership for approximately four hours and were fatigued and no longer alert by the time that they were asked to execute documents.

20. Lia Nissan required that the Lease Agreement be executed electronically, and Plaintiffs were confused by the process and did not understand what they were executing, and they did not notice that Lia Nissan had substantially increased the price of the Vehicle and that the monthly payment was substantially greater than the approximate amount given by Cyr.

21. Lia Nissan did not provide Plaintiffs with a printed copy of the Lease Agreement either before they executed that agreement electronically or afterwards.

22. Plaintiffs asked Lia Nissan for a copy of the Lease Agreement on multiple occasions, but Lia Nissan would not provide Plaintiffs with a copy, and on at least one occasion told Plaintiffs that they could not find the Lease Agreement.

23. Plaintiffs were finally able to secure a copy of the Lease Agreement from Nissan Motor Acceptance Corporation and they discovered that they were over-charged for the Vehicle.

## V.  CAUSES OF ACTION

### A.  CONSUMER LEASING ACT

24. Plaintiffs incorporate paragraphs 1-23.

25. Lia Nissan violated the CLA in connection with the transaction by not providing Plaintiffs, prior to consummation of the transaction, with a written copy of the required disclosures in a form that they could keep as required by Regulation M § 1013.3(a).

26. For its CLA violations, Lia Nissan is liable to Plaintiffs for actual damages plus additional statutory damages of $2,000, plus attorney's fees and costs.

### B.  CONNECTICUT UNFAIR TRADE PRACTICES ACT

27. Plaintiffs incorporate paragraphs 1-25.

28. Lia Nissan's conduct, as aforedescribed, was deceptive and unfair and in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*.

29. Lia Nissan has violated CUTPA in the following ways:

   a. It leased the Vehicle for more than the advertised price as posted on the Vehicle, *a per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(1);

    b. It leased the Vehicle to Plaintiffs as "new" when the Vehicle had 429 miles and did not meet the definition of a "new" vehicle under Conn. Agency Reg. S 42-110b-28(a)(4);

    c. It misrepresented the history of the Vehicle by telling Plaintiffs that the mileage was attributable to driving the Vehicle for the purpose of upgrading the seats, a violation of Conn. Gen. Stat. § 42-225, a *per se* violation of Conn Agency Reg. § 42-110b-28(b)(23), which establishes the violation of any state or federal regulation regarding the sale of motor vehicles as an unfair trade practice;

    d. It misrepresented the price of the Vehicle;

    e. It misrepresented the monthly payment under the Lease Agreement; and

    f. It failed to provide Plaintiffs with a copy of the Lease Agreement prior to consummation of the transaction.

30. Plaintiffs have suffered an ascertainable loss of money and property as a consequence of Lia Nissan's conduct in that they are paying considerably more for the Vehicle than the amount that was represented and they leased a Vehicle that was no longer "new" and which had a lesser value than a comparable new vehicle would have.

31. For Lia Nissan's violations of CUTPA, Plaintiffs are entitled to their actual damages plus punitive damages and a reasonable attorney's fee.

Wherefore, Plaintiffs claim actual damages, statutory damages of $2,000, punitive damages, attorney's fees and costs.

                              PLAINTIFFS, JOHN R. SKALA AND
                              MARYANN SKALA

                        By: /s/ *Daniel S. Blinn*
                              Daniel S. Blinn (ct02188)
                              dblinn@consumerlawgroup.com
                              Consumer Law Group, LLC
                              35 Cold Spring Rd. Suite 512
                              Rocky Hill, CT  06067
                              Tel. (860) 571-0408
                              Fax (860) 571-7457